OPINION of the Court, by
Ch. J. Boyle.
The plaintiff in error having confessed a judgment at law upon a bond given for the price of a tract of land he had purchased from the defendant, he filed his bill with an injunction to stay proceedings upon the judgment, alleging as the grounds for relief — 1st, That the proper credits had not been given ; 2d, that the wife of the defendant had not relinquished her right of dower j and 3d, that the defendant in error had, previous to the sale to the plaintiff, mortgaged the land, of which the latter was ignorant at the time of the purchase.
These several grounds were traversed or avoided by the defendant’s answer, and on a final hearing the court below dissolved the injunction and dismissed the bill with costs and damages, but allowed a credit of ⅞ 92 19, which had not been given by the defendant. To reverse that decree this writ of error with supersedeas is prosecuted by the plaintiff.
As to the first ground of relief, the credit allowed by the court is the only one to which the plaintiff is entitled, and for which the defendant had not before given credit. It appears to have been for a payment made to a third person, of which the plaintiff exhibited no evidence to the defendant prior to filing his bill; and as without such evideúce the defendant would not have been safe, and could not have been required to allow Ae credit, it is plain that the court has given all the rc- *254 lief on that ground to which the nature of the plaintiff ⅛ case entitled him. .
With respect to the second ground of relief, it appears that the plaintiff received a conveyance for the land without obtaining at the same time a relinquishment of dower ; but upon a promise of the defendant that the relinquishment should be made whenever demanded. No demand appears to have been made prior to filing the bill, and since that the wife of the defendant has relinquished her right in due form, and the relinquishment is filed in the cause. So that oa this ground the bill could not have been sustained.
The third ground seems also untenable. It is true that the land had been mortgaged by the defendant pri- or to the plaintiff’s purchase ; but it satisfactorily appears that he was well informed of its existence, and that he was not to receive a release from the mortgagees until the purchase money was paid ; and the mortgagees,, whose depositions were taken in the cause, swear that they were always ready and willing to release to the plaintiff as soon as he should pay or secure to be paid the purchase money, and that in fact they have executed a release of their right pending the suit.
The decree must be affirmed with costs and damages upon the damages given, by the court below.